# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**The Painting Company,**

    **Plaintiff,**

-v-

**Walsh/DeMaria Joint Venture III, et al.,**

    **Defendants.**

Case No. 2:09-cv-0183
Judge Michael H. Watson

**United States of America, for the use of ICC Safety Surfaces,**

    **Plaintiff,**

-v-

**Walsh/DeMaria Joint Venture III, et al.,**

    **Defendants.**

Case No. 2:09-cv-0184
Judge Michael H. Watson

## OPINION AND ORDER

Plaintiffs in these consolidated actions are subcontractors that assert claims against the contractor and its two sureties under the Miller Act, 40 U.S.C. § 3131 *et seq*. Plaintiffs allege they furnished labor and materials for the construction of the Chalmers P. Wylie VA Outpatient Clinic in Columbus, Ohio. Plaintiffs further allege that defendant contractor failed and refused to pay plaintiffs for the labor performed and equipment furnished. This matter is before the Court on defendants' motion to strike the jury demand from plaintiff's complaints. (Doc. 5). For the following reasons the Court grants defendants' motion to strike.

Defendants move to strike the jury demand on the ground that plaintiffs contractually waived their right to a jury trial. Article 11.1 of plaintiffs' contracts with defendant contractor provide that they each would "waive its right to a trial by jury in any or all disputes or claims arising out of or in relation to" the contracts. "It is clear that the parties to a contract may by prior written agreement waive the right to jury trial." *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 755 (6th Cir. 1985).

Plaintiffs do not dispute that contractual waivers of the right to a jury trial are enforceable, nor do they argue that the waiver was not knowing and voluntary. Nonetheless, plaintiffs advance three arguments against enforcement of the waiver in this case. First, plaintiffs contend that the surety defendants are not beneficiaries to the contract and therefore cannot enforce the waiver provision. Second, plaintiffs argue that the claims against the surety defendants do not arise out of or in relation to the contracts. Third, plaintiffs maintain that Miller Act claims cannot be waived before labor and materials have been furnished. The Court will address these arguments seriatim.

## I. Surety defendants

Plaintiffs assert that they are entitled to a jury trial with respect to their claims against the sureties because the sureties were not parties to the contract and are not intended third-party beneficiaries of the jury waiver provision. Defendants contend that the surety defendants are entitled to the same rights and defenses as defendant contractor including, in this case, the right to assert the jury waiver provision. Defendants are correct that a surety may raise defenses available to the principal. *See, e.g., AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co. Of Pittsburgh, PA*, 242 F.3d 777, 781 (8th Cir. 2008) ("In defending a claim on the bond, the surety may raise nearly all

defenses available to the principal obligor, . . .") (citing Restatement (Third) of Suretyship and Guaranty § 34 (1996)); *U.S. Merchants' & Shippers' Ins v. A/S Den Norske Afrika Og*, 65 F.2d 392, 293 (2nd Cir. 1933) (surety stands in the place of, and has the same rights as, the principal) (J. Learned Hand); *Thomas Steel, Inc. v. Wilson Bennett, Inc.*, 127 Ohio App. 3d 96, 107 (8 Dist. 1998) ("The obligations and defenses of the principal and surety on a payment bond should be coextensive and concurrent."). Furthermore, at least one court has recognized that a surety is an intended beneficiary of a waiver clause. See *Coastal Masonry, Inc. v. Reliance Ins. Co.*, 297 B.R. 34, 38 (E.D. Va. 2003).

Here, defendant contractor has the right to assert plaintiffs' waiver of a trial by jury. By operation of law, the surety defendants have the same right, regardless of whether they were intended third-party beneficiaries. The Court therefore rejects plaintiffs' contention that the surety defendants cannot enforce the jury trial waiver.

## II. Arising out of

Plaintiffs next argue that their claims against the surety defendants do not arise out of the contract between plaintiffs and the general contractor. Plaintiffs' argument fails to acknowledge the breadth of the waiver provision, which provides that plaintiffs have waived their "right to a trial by jury in *any or all disputes or claims arising out of or in relation to*" the contracts (emphasis added). Notwithstanding that plaintiffs' claims are brought pursuant to the Miller Act, their claims relate to work performed and payment due under the contracts. Hence, plaintiffs' argument is without merit.

## III. Miller Act

Lastly, plaintiffs argue that Miller Act claims cannot be waived before labor and

materials have been furnished. See 41 U.S.C. § 3133(c). While plaintiffs are correct on this point of law, the point of law is inapposite. Defendants do not maintain that plaintiffs have waived their Miller Act claims; rather, they contend that plaintiffs have waived their right to trial by jury. Plaintiffs cite no authority for the proposition that § 3133(c) precludes enforcement of a jury trial waiver. Consequently, the Court rejects plaintiffs' argument.

## IV. Disposition

Plaintiffs do not dispute that jury waiver provisions are generally enforceable. Moreover, none of plaintiffs' arguments against enforcement of the waiver are meritorious. Accordingly, the Court **GRANTS** defendants' motion to strike the jury demand from plaintiffs' complaints. (Doc. 5).

The Clerk shall remove Doc. 5 from the Court's Civil Justice Reform Act motions report.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**